IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DENNIS MOSS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 3:17-CV-1526-D |
| | § | |
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR RESIDENTIAL ASSET MORTGAGE PRODUCTS, INC., MORTGAGE ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2005-EFC2, | § § § § § § § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

In this removed action, defendant U.S. Bank National Association, as Trustee for Residential Asset Mortgage Products, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2005-EFC2 ("U.S. Bank"), moves to vacate a state court default judgment. Plaintiff David Moss ("Moss") opposes the motion to vacate and moves to remand. Concluding that U.S. Bank's removal was untimely, the court grants Moss's motion to remand and does not reach U.S. Bank's motion to vacate default judgment.

I

On February 20, 2017 Moss sued U.S. Bank in state district court. Moss sought to quiet title to residential property located in Plano, Texas ("the Property") and to enjoin U.S. Bank from enforcing a deed of trust secured by the Property. Moss's state court original petition to quiet title ("petition") alleged that he was suing U.S. Bank in its capacity as trustee

of "Residential Asset Mortgage Products, Inc., Mortgage Asset Backed Pass-Through Certificates, Series 2005-EFC2" (the "Trust").

Moss asserted in his petition that U.S. Bank had appointed the Texas Secretary of State as its agent for service of process, and Kristin A. Strong ("Strong") as its designee, in accordance with the Texas Estates Code. Moss alleged that "[a]ccordingly, service should be on the Secretary of State Citation Unit, who should then transmit the Citation and Petition to Defendant's designee: Kristin A Strong." Pet. 3. Service was made on the Secretary of State on March 3 and forwarded to Strong on March 8, in accordance with Moss's petition. Process was later returned to the Secretary of State on March 21 with the notation, "Return to Sender, No Such Number, Unable to Forward." Tex. Sec. of State Cert. 1. After receiving no filings or appearance from U.S. Bank, the state court entered a default judgment for Moss on April 5, 2017.

On June 8, 2017 U.S. Bank removed the case to this court based on diversity of citizenship. A few weeks later it moved to vacate the state court default judgment. U.S. Bank maintains that Moss's petition incorrectly directed service to "the wrong address and upon the wrong agent for service of process." D. Mot. to Vacate 3. U.S. Bank posits that, because it was never properly served, removal was timely and the state court judgment should be vacated.

Moss opposes the motion to vacate, and he separately moves to remand. He contends that service was proper, that removal was consequently untimely, and that U.S. Bank has not established diversity jurisdiction.

II

The court turns first to Moss's motion to remand. As the removing party, U.S. Bank "has the burden of overcoming an initial presumption against jurisdiction and establishing that removal is proper." *Carnes v. Data Return, L.L.C.*, 2005 WL 265167, at *1 (N.D. Tex. Feb.1, 2005) (Fitzwater, J.) (citing *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001)). "In general, defendants may remove a civil action if a federal court would have had original jurisdiction." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995) (citing 28 U.S.C. § 1441(a)). "Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which (a federal) statute has defined." *Victory Carriers, Inc. v. Law*, 404 U.S. 202, 212 (1971) (quoting *Healy v. Ratta*, 292 U.S. 263, 270 (1934)). "The federal removal statute, 28 U.S.C. § 1441, is subject to strict construction because a defendant's use of that statute deprives a state court of a case properly before it and thereby implicates important federalism concerns." *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 922 (5th Cir. 1997) (citing *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365 (5th Cir. 1995)). "[D]oubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

III

Although Moss contests removal on two grounds,[1] the court need only reach his contention that removal was untimely because U.S. Bank removed the case more than 30 days after its agent was formally served.

A

Under 28 U.S.C. § 1446(b)(1), "[t]he notice of a removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, *through service or otherwise*, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]" 28 U.S.C. § 1446(b)(1) (emphasis added). "The Supreme Court clarified this language in *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999), holding the time for removal commences on formal service of process, '*not* by mere receipt of the complaint unattended by any formal service.'" *Bd. of Regents of Univ. of Tex. Sys. v. Nippon Tel. & Tel. Corp.*, 478 F.3d 274, 278 (5th Cir. 2007) (emphasis in original) (quoting *Murphy Bros.*, 526 U.S. at 347-48). Section 1446(b)'s 30-day limit on removal is a procedural limitation. Nevertheless, it is mandatory and is to be strictly construed. *See Cervantez v. Bexar Cnty. Civil Serv. Comm'n*, 99 F.3d 730, 732 (5th Cir. 1996); 14C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3731, at 572 (4th ed. 2009). While the 30-day limitation is a federal rule, "the question

---

[1]Moss also contends that U.S. Bank has not demonstrated that there is complete diversity between the parties. Moss does not contest that the amount in controversy exceeds $75,000, exclusive of interest and costs, as 28 U.S.C. § 1332(a) requires.

whether the plaintiff has properly served the defendant is determined by reference to the applicable state law" in removed cases. *Thevenet, v. Deutsche Bank Nat'l Trust Co.*, 2017 WL 4475880, at *2 (N.D. Tex. Oct. 6, 2017) (Fitzwater, J.) (citing *Murphy Bros.*, 526 U.S. at 348).

B

The parties contest which state law controls proper service. Moss contends that service was proper under Tex. Est. Code Ann. §§ 505.004-006 (West 2014). Section 505.004 requires any foreign corporate fiduciary[2] to file several documents with the Texas Secretary of State before serving in a fiduciary capacity in the state. These documents include a written instrument "appointing the secretary of state . . . as the fiduciary's agent for service of process on whom notices and processes . . . may be served" in actions related to a trust for which the fiduciary is acting as a trustee. *Id.* at § 505.004(a)(2). The foreign corporate fiduciary must also file "a written certificate of designation" specifying the individual to whom the Secretary of State should forward those notices and processes. *Id.* at § 505.004(a)(3). Service of process "described by Section 505.004(a)(2) on the secretary of state as agent for a foreign corporate fiduciary has the same effect as if personal service had been had in this state." *Id.* at § 505.005(b).

---

[2]A foreign corporate fiduciary "may be appointed by will, deed, agreement, declaration, indenture, court order or decree, or otherwise and may serve in this state any fiduciary capacity, including as: trustee of a personal or corporate trust." Tex. Est. Code Ann. § 505.003(a) (West 2014) (internal numbering omitted).

U.S. Bank responds that, as a financial institution, it may only be served under Texas law pursuant to Tex. Civ. Prac. & Rem. Code Ann. § 17.028 (West 2013). Section 17.028 provides that service may be made on a financial institution by "serving the registered agent of the financial institution; or if the financial institution does not have a registered agent, serving the president or a branch manager at any office located in this state." *Id.* at § 17.028(b) (internal numbering omitted). It further states that, "[i]f citation has not been properly served as provided by this section, a financial institution may maintain an action to set aside the default judgment or any sanction entered against the financial institution." *Id.* at § 17.028(d). U.S. Bank maintains that because it is a financial institution and its registered agent is CT Corporation, any service on the Secretary of State is improper under § 17.028(b). And it contends that, because proper service was never made, removal was timely.

C

1

Where, as here, the proper resolution "turns on the interpretation of Texas law, '[the court is] bound to apply [Texas] law as interpreted by the state's highest court.'" *Am. Int'l Specialty Lines Ins. Co. v. Rentech Steel L.L.C.*, 620 F.3d 558, 564 (5th Cir. 2010) (second brackets in original) (quoting *Barfield v. Madison Cnty., Miss.*, 212 F.3d 269, 271-72 (5th Cir. 2000)). Not unlike their federal counterparts,[3] Texas courts aim to give full effect to the

---

[3]Federal courts interpreting statutes also place a premium on the statute's plain language. *See, e.g., Teter v. Warder*, 1997 WL 86454, at *2 (N.D. Tex. Feb. 20, 1997) (Fitzwater, J.) (citing *Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 253-54 (1992) ("It is perhaps the cardinal rule of statutory interpretation that when a statute is unambiguous, it

Legislature's intent and assume "[t]he plain language of a statute is the surest guide to the Legislature's intent." *Prairie View A & M Univ. v. Chatha*, 381 S.W.3d 500, 507 (Tex. 2012); *see also In re Lee*, 411 S.W.3d 445, 451 (Tex. 2013); *Am. Zurich Ins. Co. v. Samudio*, 370 S.W.3d 363, 368 (Tex. 2012). The court takes "the Legislature at its word, and the truest measure of what it intended is what it enacted," and looks at "the language of the specific section at issue, as well as the statute as a whole." *In re Office of Attorney Gen.*, 422 S.W.3d 623, 629 (Tex. 2013). "[U]nambiguous text equals determinative text," and "[a]t this point, 'the judge's inquiry is at an end.'" *Id.* (quoting *Alex Sheshunoff Mgmt. Servs., L.P. v. Johnson*, 209 S.W.3d 644, 652 (Tex. 2006)). A court should not resort to rules of construction or extratextual information to construe a statute when its language is clear and unambiguous. *Id.*

Where the text is ambiguous, however, the Texas Legislature has codified several rules of construction. Under the Texas Construction Code Act, "if statutes enacted at the same or different session of the legislature are irreconcilable, the statute latest in date of enactment prevails." Tex. Gov't Code Ann. § 311.025(a) (West 2017). When a specific provision and a general provision appear to conflict, "the provisions shall be construed, if possible, so that effect is given to both." *Id.* § 311.026(a). Thus "a court should first attempt

---

should be interpreted in accord with its plain meaning.")); *see also Coserv Ltd. Liab. Corp. v. Sw. Bell. Tel. Co.*, 350 F.3d 482, 486 (5th Cir. 2003) ("We begin, as we always do in matters of statutory interpretation, with the plain language and structure of the statute."); *Carder v. Cont'l Airlines, Inc.*, 636 F.3d 172, 175 (5th Cir. 2011) ("Statutory interpretation begins with the statute's plain language.").

to harmonize apparently conflicting statutes." *Green v. JPMorgan Chase Bank, N.A.*, 937 F.Supp.2d 849, 858 (N.D. Tex. 2013) (Godbey, J.); *see also Argonaut Ins. Co. v. Baker*, 87 S.W.3d 526, 531 (Tex. 2002). If this attempt at reconciliation fails, Texas law provides that "the special or local provision prevails as an exception to the general provision, unless the general provision is the later enactment and the manifest interest is that the general provision prevail." Tex. Gov't Code Ann. § 311.026(b).

2

The court concludes that, as applied to a financial institution serving as a foreign corporate fiduciary, the two provisions are not irreconcilable. The text of § 17.028, although controlling as to how a financial institution may be served in Texas, allows both statutes to be given full effect. It provides that "[i]f citation has not been properly served *as provided by this section*, a financial institution may maintain an action to set aside the default judgment or any sanctions entered against the financial institution." Tex. Civ. Prac. & Rem. Code Ann. § 17.028(d) (emphasis added). Thus to properly serve a financial institution, one must comply with § 17.028. *See Bank of N.Y. v. Chesapeake 34771 Land Trust*, 456 S.W.3d 628, 632 (Tex. App. 2015, pet. denied) ("A party suing a financial institution in Texas must serve process on the institution in accordance with Section 17.028; otherwise, service is ineffective.").

Service on the Secretary of State when a financial institution is acting as a foreign corporate fiduciary under the Estates Code, however, does not run afoul of § 17.028. The Estates Code requires the foreign corporate fiduciary acting as a trustee to appoint "the

secretary of state and the secretary of state's successors as the fiduciary's agent for service of process," specifically for actions related to the trust "to which the fiduciary is acting in a fiduciary capacity." Tex. Est. Code. § 505.004(a)(2). This appointment is "of indefinite duration and irrevocable." *Id.* Section 17.028's required methods of service on a financial institution include "serving the registered agent of the financial institution." Tex. Civ. Prac. & Rem. Code Ann. § 17.028(b). Because under the Estates Code the financial institution appoints the Secretary of State as its agent when it acts as foreign corporate fiduciary, serving the Secretary of State qualifies as "serving the registered agent of the financial institution." Valid service of a financial institution serving as a foreign corporate fiduciary under the Estates Code is therefore valid service under § 17.028.

In the present case, the Estates Code applied, and Moss followed its procedures. The petition makes clear that U.S. Bank is being sued in is capacity as a "foreign corporate fiduciary" in relation to its role as trustee for the Trust related to this litigation. Pet. 2-3. In accordance with the Estates Code's predecessor statute, U.S. Bank filed paperwork appointing the Secretary of State as its agent for service of process, and filed a certificate designating Strong as the individual to whom process should be forwarded. Moss accordingly served the Secretary of State on March 3, 2017 and directed the Secretary of State to forward service to Strong. Moss therefore served U.S. Bank with process in accordance with the Estates Code. And because proper service under the Estates Code complies with § 17.028, this service of process was proper under Texas law.

U.S. Bank contends that, even if service under the Estates Code was permitted, service was not executed properly here. It maintains that its May 2013 letter to the Texas Secretary of State updating its registered agent from Strong to CT Corporation also changed the designee to whom the Secretary of State was required to forward service under the Estates Code. The court disagrees.

Section 505.004 provides an explicit procedure for establishing and changing the designee to whom the Secretary of State forwards service. It states that the foreign corporate fiduciary must file "a written certificate of designation specifying the name and address of the officer, agent, or other person to whom the secretary of state shall forward notices and processes." Tex. Est. Code. Ann. § 505.004(a)(3). The foreign corporate fiduciary may change the designation "by filing a new certificate [of designation]." *Id.* § 505.004(b). No other method of changing the designation is provided. In this way, the statute distinguishes between a registered agent for service of process and the designee to whom the Secretary of State forwards that process. The May 2013 letter "request[s] a registered agent change in the state of Texas." May 2013 Letter at 1. It does not mention, attach, or otherwise reference a certificate of designation or service under the Estates Code. As a result, this letter did not "change the certificate of designation" specifying the designee under the terms of § 505.004(b).

Although other provisions of Texas law provide that forwarded complaints returned to the Secretary of State's office labeled "Unable to Forward" or "No Such Number" do not

constitute service, *see, e.g., Starbucks Corp. v. Smith*, 2007 WL 3317523, at *2 (Tex. App. Nov. 9, 2007, no pet.) (mem. op.), the Estates Code offers no such reprieve. To the contrary, the statute provides that service of process "described by Section 505.004(a)(2) on the secretary of state as agent for a foreign corporate fiduciary has the same effect as if personal service had been had in this state." Tex. Est. Code Ann. § 505.004(b). Thus when Moss served the Secretary of State in accordance with U.S. Bank's filings under the Estates Code, Moss legally served the authorized agent of U.S. Bank and started § 1446(b)'s 30-day removal clock.[4]

U.S. Bank maintains that allowing Moss to serve it in this manner violates Texas and federal public policy. It points out that these two parties were previously involved in

---

[4]This service upon the Secretary of State commenced the 30-day removal period. Although the Fifth Circuit has not directly addressed the issue, "it now appears to be settled law that the time for removal begins to run only when the defendant or someone who is the defendant's agent-in-fact receives the notice via service." 14C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3731, at 508 (4th ed. 2009). Judges of this court have held that substitute service on the Secretary of State—as a statutory agent under the Texas long-arm statute, Tex. Civ. Prac. & Rem. Code Ann. § 17.044 (West 2013)—does not start the time period for removal. *See Microtune, Inc. v. Big Shine Worldwide, Inc.*, 2004 WL 414901, at *2 (N.D. Tex. Feb 11, 2004) (Kinkeade, J.); *Fid. Funding, Inc. v. Pollution Research & Control Corp.*, 1999 WL 20955, at *2 (N.D. Tex. Jan 9, 1999) (Solis, J.). Here, however, the Secretary of State is not merely a statutory stand-in for the defendant. U.S. Bank and other foreign corporate fiduciaries are required to affirmatively appoint the Secretary of State as their agent through paper filings, making the Secretary of State their agent-in-fact. *See* Foreign Corp. Fiduciary Filing at 1 ("The corporate fiduciary hereby appoints the Secretary of State of Texas as its agent for service of process upon whom all notices and processes . . . may be served in any action or proceeding relating to any trust . . . to which such corporate fiduciary is acting in any fiduciary capacity."); *Agency in Fact*, Black's Law Dictionary (9th ed. 2009) ("An agency created voluntarily, as by a contract.").

litigation that concerned identical service of process issues, but over a different piece of property. *See Moss v. US Bank Nat'l Ass'n*, 2016 WL 3198054 (N.D. Tex. May 19, 2016) (Toliver, J.), *rec. adopted* 2016 WL 321094 (N.D. Tex. June 8, 2016) (Lynn, C.J.). In that case the court denied Moss's motion to remand due to insufficient jurisdictional facts and did not reach whether § 505.004 and § 17.028 conflicted. *Id.* at *2. U.S. Bank contends, however, that because it argued in that case that Strong was no longer its registered agent, Moss was on notice that CT Corporation was U.S. Bank's registered agent for service of process. But this argument cuts both ways. If past litigation put Moss on notice that U.S. Bank had additional agents for service of process, it also alerted U.S. Bank that its filings under the Estates Code did not reflect its preferred registered agent. And although the court disfavors default judgments, this does not color the court's analysis of timely removal. On the contrary, "any doubt as to the propriety of removal should be resolved in favor of remand." *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (quoting *In re Hot-Hed, Inc.*, 477 F.3d 320, 323 (5th Cir. 2007) (per curiam)).

The court acknowledges that the overlap between § 505.004's and § 17.028's methods for service renders them potentially redundant. Indeed, the Estates Code's predecessor was enacted at a time when an out-of-state financial institution would not have listed its own registered agent for service of process in Texas. *See Bank of N.Y.*, 456 S.W.3d. at 635 (noting that § 105A of the Texas Probate Code "was enacted in 1961 to permit a foreign bank or trust company to act as a fiduciary in Texas without having to obtain a certificate of authority to do business"). Therefore, the Estates Code's predecessor compelled a financial

institution acting as a corporate fiduciary to register the Secretary of State as its agent for service. The later enactment of § 17.028 creates a predicament when an out-of-state financial institution serves as a foreign corporate fiduciary, thereby maintaining multiple agents for service of process. Nevertheless, the court is unable to streamline administrative procedures when the plain statutory text dictates what qualifies as proper service.

Because Moss properly served U.S. Bank on March 3, 2017 and U.S. Bank did not remove the case to federal court until June 8. 2017, the court holds that removal was untimely and that Moss's motion to remand must be granted. Because the court is remanding this case, it declines to reach U.S. Bank's motion to vacate the state court default judgment, and it leaves the decision on that issue to the state district court.

\* \* \*

For the reasons explained, the court grants Moss's motion to remand and remands this case to the 68th Judicial District Court of Dallas County, Texas. The clerk of court shall effect the remand in accordance with the usual procedure.

**SO ORDERED**.

October 31, 2017.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE